UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| BARRON WIMBLEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos: 3:07-CR-05-TAV-CCS |
| | ) | 3:11-CV-123-TAV-CCS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Barron Wimbley ("petitioner"). The government has filed its response to the motion and petitioner has filed a reply. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**. Petitioner has also filed a motion to reduce sentence [Doc. 41] which will be **DENIED**.

**I.  Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.     Factual Background**

Petitioner pleaded guilty, pursuant to a plea agreement, to two counts of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was determined to be a career offender pursuant to U.S.S.G. § 4B1.1(a) based upon three prior felony drug convictions and was sentenced by judgment entered June 17, 2008, to concurrent terms of imprisonment of 262 months, for a total effective sentence of 262 months, which was at the bottom of his advisory guideline sentencing range. The sentence was also ordered to be served concurrently with a state sentence that petitioner was already serving. [Doc. 29, Judgment[1]].

Petitioner's sentence was affirmed on direct appeal. *United States v. Barron Wimbley*, No. 08-5787, 349 F. App'x 54 (6th Cir. Oct. 15, 2009) [Doc. 32, Order], *cert. denied*, 559 U.S. 961 (2010). In support of his § 2255 motion, petitioner alleges he received ineffective

---

[1]All citations to the record refer to the docket sheet in petitioner's criminal case.

assistance of counsel. In his motion to reduce sentence, petitioner alleges he is entitled to relief under the Fair Sentencing Act of 2010.

## III. Discussion

### A. Alleged Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

3

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner alleges that his attorney failed to argue and present legal authority at sentencing that the Court had discretion under the advisory sentencing guidelines to depart from the career offender enhancement and consider a lesser sentence; failed to object pursuant to *Booker* when the Court stated that it was "constrained" to follow the guidelines unless there was a clear indication for departure; and failed to raise these issues on appeal. Petitioner's claims of ineffective assistance of counsel lack merit.

During the sentencing hearing, petitioner's attorney argued strenuously but unsuccessfully that petitioner should not be classified as a career offender because his prior convictions should have been counted as a single offense. [Doc. 31, Transcript of Sentencing Hearing, pp. 5-7]. Counsel also argued that petitioner's career offender status placed him in a "considerably higher" guideline range than what he should be in, that it was not fair and was "too much time," and asked the Court "to take that into consideration in fixing the appropriate sentence." [*Id*. at 11]. Counsel also asked the Court, over the government's objection, to order petitioner's federal sentence to run concurrent with the state sentence he was serving. [*Id*. at 11-13].

4

In sentencing petitioner, the Court stated as follows:

> The Court has considered the nature and circumstances of the offense, the history and characteristics of the Defendant and the Advisory Guideline Range, as well as the other factors listed in Title 18 United States Code Section 3553(a).
>
> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the Defendant is hereby committed to the custody of the Bureau of Prisons for a term of imprisonment of 262 months as to each of Counts Two and Three, such terms to run concurrently.
>
> In addition, the Court will recommend to the Bureau of Prisons that these sentences be run concurrently to the Defendant's state sentence. I do believe that Mr. Tollison's argument is correct, that in this case 262 months may be sufficient, but not greater than necessary to carry out the purposes of 3553(a). And I believe that that is accomplished by allowing these sentences to run concurrently to the state sentence.
>
> This term reflects the lower end of the guideline range. This sentence shall run concurrently to the terms of imprisonment imposed by the Criminal Court for Blount County, Tennessee, Docket Numbers C-14479 and C-14480. It is felt that this sentence will afford adequate deterrence and provide just punishment.

[*Id*. at 14-15].

The Court specifically stated its reasons for the sentence imposed:

> In determining the sentence to be imposed, the Court has considered the nature and circumstances of the offense, as well as the history and characteristics of the Defendant. The Defendant has an extensive criminal history. This history includes prior felony drug convictions for which the Defendant was on probation at the time of the instant offense.
>
> Despite having been given many opportunities through probation in Tennessee's boot camp program, Defendant has persisted in committing crimes. However, the Defendant is a high school graduate, yet he has no long-term employment history. Defendant would therefore benefit from vocational training while in custody. Moreover, Defendant suffers from high blood pressure and high cholesterol for which he can receive treatment in custody.

5

> Finally, given his lengthy history of abusing drugs, including marijuana, cocaine and ecstasy, Defendant would benefit from substance abuse training both while in custody and while on supervised release.
>
> Accordingly, the Court finds that the sentence imposed gives the Defendant opportunities to obtain vocation training and necessary substance abuse treatment. The sentence also affords adequate deterrence, promotes respect for the law and provides just punishment.

[*Id*. at 17-18].

The Court was clearly aware that the guideline sentencing range was advisory and was also aware of the Court's discretion to depart from the guidelines; there was no need for counsel to advise the Court of that. The Court was persuaded by counsel's argument that petitioner's federal sentence should be served concurrent with his state sentence. Nevertheless, given petitioner's extensive criminal history and notwithstanding counsel's argument that petitioner was placed in an unreasonably high and unfair guideline range, the Court determined that a sentence at the bottom of the guideline range was appropriate.

Petitioner's attorney challenged his sentence on appeal but the Sixth Circuit agreed with the district court. The Sixth Circuit first determined that petitioner's sentence was not procedurally unreasonable:

> A district court imposes a procedurally unreasonable sentence by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Because the district court asked for objections from Wimbley after announcing the proposed sentence and Wimbley did not object, we review Wimbley's procedural reasonableness objections-all raised for the first time on appeal-for plain error.

6

>       The district court did not violate these requirements, much less do so plainly. In explaining its sentence, the court "considered the nature and circumstances of the offense, the history and characteristics of [Wimbley] and the Advisory Guideline Range, as well as the other factors listed in" 18 U.S.C. § 3553(a). Sent. Hr'g Tr. at 14. The court explained that the sentence rested on Wimbley's status as a career offender and his "extensive criminal history," which continued even after the State gave him "many opportunities" to straighten himself out short of incarceration "through probation in Tennessee's boot camp program." *Id*. at 17. Indeed, the court noted, Wimbley committed these federal drug offenses while on probation for the three prior state drug convictions. The district court also thought that Wimbley would benefit from the vocational training and substance abuse treatment available in federal prison. The court also addressed, and rejected, Wimbley's only argument at sentencing-that he did not qualify as a career offender-by explaining that Tennessee's decision to charge his three drug offenses separately instead of in a single indictment did not affect Wimbley's career offender status under the guidelines.

*United States v. Wimbley*, 349 F. App'x at 57 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007); internal citations omitted).

The Sixth Circuit next determined that petitioner's sentence was not substantively unreasonable:

>       Wimbley's substantive challenge to the length of this bottom-of-the-guidelines sentence, while not subject to plain error review, fares no better. As a within-guidelines sentence, it receives a presumption of reasonableness on appeal, and Wimbley has not rebutted the presumption. He first points out that he can obtain the kind of vocational training and substance-abuse treatment the district court recommended in far less than 262 months. True enough, but the district court imposed this sentence not just to provide Wimbley with training and treatment but also to account for his recidivism and "extensive criminal history." The district court did not abuse its discretion in concluding that these other explanations justified a within-guidelines sentence.
>
>       Wimbley adds that applying the career-offender enhancement to his guidelines sentence creates an unwarranted-and substantively unreasonable-sentencing disparity. Wimbley received an enhancement, the

7

argument goes, due to prosecutorial decisions by Tennessee officials, not offense conduct, so similarly situated defendants could receive significantly lower sentences. We disagree. As one of the baselines for reasonableness review and relative uniformity in sentencing, the guidelines are designed to avoid unwarranted disparities-which means that whatever else may be wrong with a within-guidelines sentence, it is not likely to be an unwarranted disparity. Wimbley never explains why this is one of those rarest of circumstances: where the guidelines create not only an unwarranted disparity but one that requires the district court to vary downward.

The district court, moreover, gave a reasoned explanation for its conclusion that a sentence at the bottom of the guidelines would be "sufficient, but not greater than necessary" to achieve the purposes underlying § 3553(a)(2). The district court did so after listening to Wimbley's arguments for leniency, and the district court clearly heard those arguments because it accepted Wimbley's request that his federal sentence run concurrent with his state sentences. Under these circumstances, the district court did not abuse its discretion by declining to impose a sentence below the guidelines range.

*Id*. at 57-58 (internal citations omitted).

Petitioner's attorney raised what challenges he could to petitioner's sentence as a career offender at the sentencing hearing and on direct appeal, and in fact persuaded the Court to order petitioner's federal sentence to be served concurrent with his state sentence. Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

**B.     Motion to Reduce Sentence**

Petitioner alleges he is entitled to a reduction of his sentence based upon a retroactive application of the Fair Sentencing Act (FSA) of 2010, which lowered the statutory penalties for crack cocaine offenses. He relies upon *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *vacated and rehearing en banc granted* (July 11, 2013), in which a panel for the Sixth

8

Circuit concluded that the FSA should be applied retroactively to defendants such as petitioner whose sentence had already become final prior to the effective date of the Act. As noted, however, that decision was vacated. On rehearing en banc, the Sixth Circuit held that the FSA does not apply retroactively to defendants who were sentenced prior to the Act's effective date. *See United States v. Blewett*, --- F.3d ---, 2013 WL 6231727 at *2 (6th Cir. Dec. 3, 2013). Therefore, the *Blewett* case no longer supports petitioner's request for sentence reduction and his motion to reduce sentence will be denied.

**IV. Conclusion**

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. Petitioner's motion to reduce sentence will be **DENIED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE